B. F. GILL *v.* T. J. LATTIMORE.

PARTNERSHIP. *Division of property among partners. Exemption.* Partnership property cannot be divided between partners and then claimed under the exemption laws so as to defeat the partn  ership creditor.

FROM OBION.

Appeal in error from the Circuit Court at Union City. C. ADEN, J.

D. D. & JNO. BELL for Gill.

GIBBS & WADDELL, SMITH & MOORE and W. C. CALDWELL for Lattimore.

FREEMAN, J., delivered the opinion of the court.

This is an action of replevin, to recover one horse, a mule, a spring wagon and harness.

The case is this: Steagald & Gill were partners in the family grocery business in the town of Union City. The firm owned two wagons, harness and teams, purchased with funds of the partnership. In May, 1879, the firm failed, and made an assignment of their stock in trade, property and effects for the benefit of their creditors, except these wagons, etc. A few days after this they agreed to divide the two wagons, teams and harness between them, and did so—the other party

agreeing to pay Gill thirty dollars' difference, in the estimated value of the property received by him.

A few days after this, Lattimore, a judgment creditor of Steagald & Gill, levied on this property, as the property of the firm, and Gill brought this replevin, claiming it as individual property exempt by law from execution in his hands, he being the head of a family. We have held that partnership property is not subject to the claim of exemption under our statute, giving certain property to heads of families, free from execution for the debts of the owner: *Spiro* v. *Paxton*, 3 Lea, 75.

It may be conceded that either partner may sell his share of the partnership property either to a stranger or to his co-partner, and thus the property cease to be partnership property and become individual, but is this transaction a sale? We think not, and it was not so understood by the parties. It is simply an attempt on the part of the members of the firm to divide the assets of the firm, and hold them in severalty, freed from the partnership liabilities under the exemption laws.

We do not think the partnership creditor can thus be defeated of his right to appropriate the assets of the firm.